**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION**

| | |
|---|---|
| INDIVIOR INC., and INDIVIOR UK LIMITED,<br><br>              Plaintiffs,<br>     v.<br><br>PAR PHARMACEUTICAL, INC.,<br><br>              Defendant. | Civil Action No. _____ |

## I.   COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Indivior Inc. (formerly known as Reckitt Benckiser Pharmaceuticals Inc.) ("Indivior") and Indivior UK Limited (formerly known as RB Pharmaceuticals Limited) ("Indivior UK"), (collectively, "Plaintiffs") file this Complaint against Defendant Par Pharmaceutical, Inc. ("Par" or "Defendant") and allege as follows:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Par's submission of an Abbreviated New Drug Application ("ANDA") to the Food and Drug Administration ("FDA") seeking approval to manufacture, use, and sell a generic version of Plaintiffs' Suboxone® sublingual film prior to the expiration of United States Patent No. 9,687,454 ("the '454 patent" or "the patent-in-suit").

### THE PARTIES

2.      Plaintiff Indivior is a Delaware corporation having a principal place of business at 10710 Midlothian Turnpike, Suite 430, Richmond, Virginia.

1

3.      Plaintiff Indivior UK is a United Kingdom corporation having a principal place of business at 103-105 Bath Road, Slough, UK.

4.      On information and belief, Par is a Delaware corporation having a principal place of business at One Ram Ridge Road, Spring Valley, New York 10977.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.      On information and belief, Par is in the business of, *inter alia*, developing, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic copies of branded pharmaceutical products in New York and throughout the United States.

7.      This Court has personal jurisdiction over Par because of, *inter alia*, Par's principal place of business in New York in Rockland County, Par's continuous and systematic contacts with corporate entities within this judicial district, and Par's marketing and sales activities in this judicial district, including, but not limited to, the substantial, continuous, and systematic distribution, marketing, and/or sales of generic pharmaceutical products to residents of this judicial district.

8.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## THE PATENT-IN-SUIT

9.      Plaintiff Indivior UK is the lawful owner of the '454 patent, and Plaintiff Indivior is an exclusive licensee of the '454 patent. The '454 patent, entitled "Sublingual and Buccal Film Compositions," was duly and legally issued on June 27, 2017, naming Garry L. Myers, Samuel D. Hilbert, Bill J. Boone, Beuford Arlie Bogue, Pradeep Sanghvi, and Madhusudan Hariharan as inventors. A true copy of the '454 patent is attached hereto as Exhibit A.

2

**SUBOXONE ® SUBLINGUAL FILM**

10.     Plaintiff Indivior is the holder of New Drug Application ("NDA") No. 22-410 for Suboxone® (buprenorphine hydrochloride and naloxone hydrochloride) sublingual film.

11.     On August 30, 2010, the FDA approved NDA No. 22-410 for the manufacture, marketing, and sale of Suboxone® sublingual film for the treatment of opioid dependence. Plaintiff Indivior has sold Suboxone® sublingual film under NDA No. 22-410 since its approval.

12.     The '454 patent is listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") as covering Suboxone® sublingual film.

**THE DRUG APPROVAL PROCESS**

13.     In 1984, Congress enacted the Drug Price Competition and Patent Term Restoration Act, commonly known as the "Hatch-Waxman Act" and codified at 21 U.S.C. § 355. The Hatch-Waxman Act was intended to balance two important public policy goals. First, Congress wanted to ensure that innovator drug manufacturers would have meaningful patent protection and a period of marketing exclusivity to enable them to recoup their investments in the development of valuable new drugs. Second, Congress sought to ensure that, once the patent protection and marketing exclusivity for these drugs expire, consumers would benefit from the availability of lower priced generic versions of approved drugs.

14.     Under 21 U.S.C. § 355(b)(1), the innovator drug manufacturer and NDA applicant is required to submit extensive testing and safety information concerning the drug. In addition, the NDA applicant must submit information on "any patent which claims the drug for which the applicant submitted the application or which claims a method of using such drug and

3

with respect to which a claim of patent infringement could reasonably be asserted." Once the

NDA is approved, the FDA lists this patent information in the Orange Book.

15.     In contrast, the Hatch-Waxman Act allows ANDA applicants to obtain

FDA approval for generic versions of previously-approved drugs without having to repeat the

extensive testing required for a new drug application. Under 21 U.S.C. § 355(j), ANDAs can rely

on FDA's previous findings of safety and efficacy for an approved drug product, if they

demonstrate, among other things, that the generic drug is bioequivalent to the previously-

approved drug.

16.     When a generic manufacturer submits an ANDA, the FDA conducts a

preliminary review of the application to ensure it is sufficiently complete to permit a substantive

review. *See* 21 C.F.R. § 314.101(b)(1). "Receipt of an [ANDA] means that FDA has made a

threshold determination that the abbreviated application is sufficiently complete to permit a

substantive review." *Id.*

17.     Under 21 U.S.C. § 355(j)(2)(A)(vii), the ANDA must also include one of

the following four certifications with respect to each of the patents listed in the Orange Book for

the previously-approved drug product: (i) that the patent information has not been filed

("Paragraph I" certifications); (ii) that the patent has expired ("Paragraph II" certifications); (iii)

that the patent will expire on a specific date, and the generic will stay off the market until that

date ("Paragraph III" certifications); or (iv) that the "patent is invalid or will not be infringed by

the manufacture, use, or sale of the new drug for which the application is submitted" ("Paragraph

IV" certifications).

18.     If the ANDA includes a Paragraph IV certification, the Hatch-Waxman

Act requires the ANDA applicant to give notice  to the patent owner of the factual and legal basis

for the applicant's opinion that patents listed in the Orange Book are invalid or will not be infringed ("Notification Letter"), "not later than 20 days after the date of the postmark on the notice with which the [FDA] informs the applicant that the application has been filed." 21 U.S.C. § 355(j)(2)(B).

19.     If the patent owner files an infringement action within 45 days of receiving the Notification Letter, a 30-month injunction or stay of the FDA approval is triggered, calculated from the date of receipt of the Notification Letter. *See* 21 U.S.C. § 355(j)(5)(B)(iii). This 30-month period is intended to allow time for judicial resolution on the merits of any patent infringement, validity, and/or enforceability claims, before the competitor is allowed entry into the market.

**PAR'S PARAGRAPH IV NOTICE**

20.     Plaintiffs received the Notification Letter from Par dated August 7, 2017, stating that ANDA No. 205854 contains Paragraph IV certifications alleging that the '454 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the generic product proposed in the ANDA.

21.     The Notification Letter further states that Par submitted ANDA No. 205854 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in commercial manufacture, use, and/or sale of Par's generic product before expiration of the patent-in-suit. On information and belief, ANDA No. 205854 concerns dosages of Defendant's generic product and refers to and relies on Plaintiff Indivior's NDA for Suboxone® sublingual film and purports to contain data showing bioequivalence of Par's generic product with Suboxone® sublingual film.

22.     Plaintiffs commenced this action within 45 days of receiving the Notification Letter.

**COUNT 1**

5

**Infringement of the '454 Patent Under 35 U.S.C. § 271(e)(2)**

23. On information and belief, Par's generic product is covered by one or more claims of the '454 patent.

24. By filing ANDA No. 205854 under 21 U.S.C. § 355(j) for the purposes of obtaining approval to engage in the commercial manufacture, use, and/or sale of Par's generic product prior to the expiration of the '454 patent, Par has committed an act of infringement of the '454 patent under 35 U.S.C. § 271(e)(2).

25. Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for ANDA No. 205854 to be a date which is not any earlier than the expiration date of the '454 patent, including any extensions of that date.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

A. A judgment that Par has infringed the '454 patent under 35 U.S.C. § 271(e)(2) by submitting and maintaining ANDA No. 205854;

B. A declaratory judgment that Defendant's commercial manufacture within the United States of Par's generic product would infringe the '454 patent under 35 U.S.C. § 271;

C. Preliminary and permanent injunctions, restraining and enjoining Par, its officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in privity or concert with them, from engaging in, causing, or inducing the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of drugs and formulations, or from inducing and/or encouraging the use of methods, claimed in the patent-in-suit;

D.      An order that the effective date of any approval of ANDA No. 205854 be a date that is not earlier than the expiration of the patent-in-suit, including any extensions thereof and any later expiration of exclusivity associated with the '454 patent;

E.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees;

F.      A judgment granting Plaintiffs compensatory damages in an amount to be determined at trial including both pre-judgment and post-judgment interest if Par commercially manufactures, uses, offers to sell, or sells in the United States, or imports into the United States, Par's generic product before the expiration of the patent-in-suit, including any extensions; and

G.      Any and all other relief as the Court deems just and proper.

Dated: September 14, 2017

Of Counsel:

Jeffrey B. Elikan
Jeffrey H. Lerner
Erica N. Andersen
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
(202) 662-6000
jelikan@cov.com
jlerner@cov.com
eandersen@cov.com

*Counsel for Plaintiffs*

Respectfully submitted,

*/s/ Daniel A. Ladow*
Daniel A. Ladow
James M. Bollinger
Timothy P. Heaton
J. Magnus Essunger
TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York 10022
(212) 704-6000
daniel.ladow@troutman.com
james.bollinger@troutman.com
timothy.heaton@troutman.com
magnus.essunger@troutman.com

*Counsel for Plaintiffs*

8